

# IN THE
# TENTH COURT OF APPEALS

───────────────

**No. 10-17-00015-CR**
**No. 10-17-00033-CR**

**DANIEL TRAN NGUYEN,**

                                                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                      **Appellee**

───────────────

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court Nos. 16-23417 & 15-23045**

─────────────────────────────────────────

## MEMORANDUM OPINION

─────────────────────────────────────────

In two indictments and two judgments, Daniel Tran Nguyen was charged and convicted of Aggravated Assault with a Deadly Weapon. *See* TEX. PENAL CODE ANN. § 22.02 (West 2011). In the same hearing, Nguyen pled guilty to both charges, without the benefit of a plea bargain, and punishment evidence for each offense was submitted to the trial court. After a presentence investigation was completed, Nguyen was sentenced, again in one hearing, to 19 years in prison for the offense in appellate case number 10-17-00015-CR and 8 years in prison for the offense in appellate case number 10-17-00033-CR.

The sentences were ordered to run concurrently.

Nguyen's appellate attorney filed *Anders* briefs in these appeals. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Nguyen was given an opportunity to request a copy of the record through a motion sent to him by counsel, *see Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014), advised of his right to review the record, and advised of his right to submit a response on his own behalf. Nguyen neither requested a copy of the record nor submitted his own response.

Counsel asserts in the *Anders* briefs that counsel reviewed the reporter's record and clerk's record, including the judgments and sentences, and reviewed the indictments, the pleas of guilty, the waivers signed by Nguyen, and the sentences imposed. After the review, counsel has concluded there is no non-frivolous issue to raise in these appeals.

Counsel's briefs evidence a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436.

An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After reviewing counsel's briefs and the entire record in these appeals, we determine the appeals to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We note, however, that costs were assessed in both judgments of conviction. Where allegations and evidence of more than one offense are presented in a single trial or plea proceeding, the trial court errs in assessing costs in each conviction. *Hurlburt v. State*, Nos. 10-15-00400-CR, 10-15-00401-CR, 10-15-00402-CR, 10-15-00403-CR, 2015 Tex. App. LEXIS 12676, *8 (Tex. App.—Waco Nov. 30, 2016, no pet. h.) (publish). *Hurlburt* had been decided at the time briefing in this case was submitted; however, based on our precedent, abatement to the trial court for the appointment of new counsel to address this issue is not required. *See Ferguson v. State*, 435 S.W.3d 291 (Tex. App.—Waco 2014, pet. dism.). Because this error does not impact the determination of guilt or punishment and, therefore, does not result in a reversal of either judgment, we may modify one of the judgments to correct the erroneous assessment of costs. *Id*. Accordingly, the Judgment of Conviction by Court—Waiver of Jury Trial in trial court case number 15-23045 is modified to delete the assessed court costs. We affirm the trial court's Judgment of Conviction by Court—Waiver of Jury Trial in trial court case number 15-23045 as modified and affirm the trial court's Judgment of Conviction by Court—Waiver of Jury Trial in trial court case number 16-23417.

Should Nguyen wish to seek further review of these cases by the Texas Court of

Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motions to withdraw from representation of Nguyen are granted, and counsel is discharged from representing Nguyen. Notwithstanding counsel's discharge, counsel must send Nguyen a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed and affirmed as modified
Opinion delivered and filed May 31, 2017
Do not publish
[CR25]

